```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EDWIN RODRIGUEZ, JORGE SILVERIO,                      :
KENLUIN SILVERIO, RENE ERNESTO                        :
AREVALO, and ALBARO MORALES, on behalf of             :
themselves and all others similarly situated,         :
                                                      :     **COLLECTIVE AND CLASS**
                                Plaintiffs,           :     **ACTION COMPLAINT**
                                                      :
        -against-                                     :
                                                      :     **JURY TRIAL DEMANDED**
HAR NORTHERN, INC. d/b/a H MART                       :
NORTHERN,                                             :
                                                      :
                                Defendant.            :
----------------------------------------------------------------------X
```

Plaintiffs Edwin Rodriguez, Jorge Silverio, Kenluin Silverio, Rene Ernesto Arevalo, and Albaro Morales (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendant HAR Northern, Inc. d/b/a H Mart Northern ("H Mart" or "Defendant") allege:

**NATURE OF THE ACTION**

1. H Mart, the largest chain of Asian supermarkets in the United States, required its warehouse workers, such as Plaintiffs, to work well over forty hours per workweek unloading large shipments of produce and ingredients and preparing and delivering orders of food items. Throughout their employment, H Mart failed to pay Plaintiffs and its other warehouse workers for all hours worked and also failed to pay them at the correct overtime wage rate for all weekly hours worked over forty. Furthermore, the warehouse workers did not receive spread-of-hours pay on days they worked shifts longer than ten hours and, at points throughout the last six years, H Mart paid Plaintiffs and other the warehouse workers below the required minimum wage rate.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL and WTPA pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred at H Mart, which is located and operated by Defendant within the Eastern District of New York.

## THE PARTIES

**Plaintiff Edwin Rodriguez**

5. Edwin Rodriguez resides in the Bronx, New York.

6. Defendant employed Edwin Rodriguez from approximately January 2015 to March 2020.

**Plaintiff Jorge Silverio**

7. Jorge Silverio resides in the Bronx, New York.

8. Defendant employed Jorge Silverio from approximately March 2017 to July 2019.

**Plaintiff Kenluin Silverio**

9. Kenluin Silverio resides in the Bronx, New York.

10. Defendant employed Kenluin Silverio from approximately February 2017 to October 2019.

**Plaintiff Rene Ernesto Arevalo**

11. Rene Ernesto Arevalo resides in Queens, New York.

12. Defendant employed Rene Ernesto Arevalo from approximately 2015 through 2017 and again from approximately 2019 through approximately January 2020.

**Albaro Morales**

13. Albaro Morales resides in Queens, New York.

14. Defendant employed Albaro Morales from approximately 2008 through November 2019.

**Defendant HAR Northern, Inc. d/b/a H Mart Northern**

15. Har Northern, Inc. is a New York corporation that owns and operates H Mart Northern located at 156-40 Northern Boulevard, Flushing, New York 11354.

16. H Mart Northern is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. H Mart Northern has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

18. In the three years prior to the filing of this Complaint, H Mart Northern has had an annual gross volume of sales in excess of $500,000.

## FACTUAL ALLEGATIONS

**Defendant's Wage Payment Practices**

19. Defendant regularly employed approximately 60 workers at a time and approximately twenty of those employees worked in Plaintiffs' section of the warehouse.

20. As part of their primary work duties, Plaintiffs and the other warehouse workers in their section ("warehouse workers") unpacked, stored, and organized pallets of food and grocery items and prepared them for delivery to restaurants throughout New Jersey and New York. When delivering to restaurants, Plaintiffs and the other warehouse workers worked in the role of driver or driver's assistant, travelling to and from the restaurants in vans owned by Defendant which were designed to transport two people and weighed less than 10,000 pounds.

21. Plaintiffs and other warehouse workers regularly worked from 7:00 a.m. to 4:00 p.m., six days per week, for a total of approximately 54 hours worked per workweek.

22. Defendant regularly required Plaintiffs and other warehouse workers to work one to two hours beyond their scheduled shifts, one or two times per workweek.

23. The period from November through January of each year was particularly busy due to an increase in orders for the holidays. Plaintiffs and other warehouse workers were required to work approximately eleven hours per day approximately three times per month during this period.

24. Defendant automatically deducted one hour from Plaintiffs' and other warehouse workers' daily wages for purported breaks even though the employees rarely took breaks and, when they did, their breaks did not last more than twenty minutes.

25. Defendant paid warehouse workers, including Plaintiffs, at their regular hourly wage rate for up to forty-three (43) hours of work each week. Defendant then paid the warehouse workers at the overtime rate of 1.5 times their regular hourly wage

4

for all additional weekly hours worked. As such, the warehouse workers were improperly paid "straight time" for up to three hours each week that should have been paid at an overtime rate.

26. For example, for the week of August 26, 2019, Plaintiff Arevalo was paid for 58.4 hours of work. He was paid for 43 hours of work at his regular hourly rate of $15 per hour and 15.40 hours of work at the overtime wage rate of $22.50 per hour.

27. Plaintiff Arevalo worked approximately 63 hours that week, but he was only paid for 58.4 hours due to Defendant's practice of automatically deducting one hour of work per day from every worker's pay for supposed breaktime.

28. Defendant did not pay the warehouse workers, including Plaintiffs, spread-of-hours pay when they worked shifts longer than ten hours.

29. Defendant paid the warehouse workers, including Plaintiffs, by check on a weekly basis.

30. Defendant failed to provide the warehouse workers, including Plaintiffs, with accurate wage statements at the end of every pay period.

31. Defendant did not furnish Plaintiffs and the other warehouse workers with wage notices at the time of hiring or when their rates of pay changed that accurately reflected their rate or rates of pay and all of their hours worked per workweek, as required by the NYLL.

**Plaintiffs' Hourly Wage Rates Paid**

32. Defendant is a large employer located in New York City with more than eleven employees. Therefore, the applicable minimum wage rates that Plaintiff and all other warehouse workers should have received throughout the last six years are: $8.75 in 2015; $9.00 in 2016; $11.00 in 2017; $13.00 in 2018; and $15.00 beginning December 31, 2018.

33. Defendant paid Edwin Rodriguez $13 per hour from 2015 through approximately 2017.

34. Defendant paid Edwin Rodriguez $15 per hour from in or about 2017 through approximately 2019.

35. Defendant paid Edwin Rodriguez $17 per hour from in or about 2019 through February 2020.

36. Defendant paid Edwin Rodriguez $17.50 per hour throughout March 2020, his final month of employment.

37. Defendant paid Jorge Silverio $13.50 per hour from 2017 through 2018.

38. Defendant paid Jorge Silverio $15 per hour in 2019.

39. Defendant paid Kenluin Silverio $13.50 per hour from 2017 through 2018.

40. Defendant paid Kenluin Silverio $15 per hour in 2019.

41. Defendant paid Arevalo $11.75 per hour from 2015 to approximately 2017.

42. Defendant paid Arevalo $15 per hour from 2018 to 2020.

43. Defendant paid Morales $10.05 per hour in 2015.

44. Defendant paid Morales $10.85 per hour in 2016.

45. Defendant paid Morales $11.85 per hour in 2017.

46. Defendant paid Morales $12.85 per hour in 2018.

47. Defendant paid Morales $15.00 per hour in 2019.

**COLLECTIVE ACTION ALLEGATIONS**

48. Plaintiffs bring the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated persons (*i.e.,* warehouse workers) who

were employed by H Mart within the three years prior to the filing of this Complaint (the "FLSA Collective").

49. The FLSA Collective consists of approximately thirty similarly situated current and former warehouse workers who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

50. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes willfully failing to pay employees for all hours worked and failing to pay them overtime wages due for all hours worked over forty per workweek.

51. Defendant has engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

52. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiffs and the FLSA Collective.

53. Plaintiffs and the FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to H Mart, are readily identifiable, and locatable through H Mart's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

54. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated Warehouse Workers who work or have worked at H Mart within the six years prior to the filing of this Complaint (the "Rule 23 Class").

55. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

56. The size of the Rule 23 Class is at least fifty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

57. Defendant has acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

58. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a. whether Defendant violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   b. whether Defendant failed to pay Plaintiffs and the Rule 23 Class at least the minimum wage rate for the first forty hours worked per week;

   c. whether Defendant failed to pay Plaintiffs and the Rule 23 Class at the overtime rate for all time worked in excess of forty hours per week;

   d. whether Defendant failed to pay Plaintiffs and the Rule 23 Class spread-of-hours pay on the days they worked shifts longer than ten hours;

   e. whether Defendant failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements as required by the NYLL and WTPA;

   f. whether Defendant failed to furnish the Plaintiffs and the Rule 23 Class with wage notices; and

   g. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

59. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendant since at least August 2015. They enjoy the same statutory rights under the

NYLL to be paid at the overtime rate for all hours worked over forty in a workweek, to be paid for all hours worked, and to be paid spread-of-hours pay. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

60. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

61. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

62. Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

63. There is no conflict between Plaintiffs and the Rule 23 Class members.

64. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

65. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (New York Labor Law – Minimum Wage)

66. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

67. Defendant is an employer within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NY DOL") Regulations, and it employed Plaintiffs and the Rule 23 Class.

68. Defendant failed to pay Plaintiff Morales and members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

69. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff Morales and the Rule 23 Class minimum hourly wages.

70. As a result of Defendant's willful violations of the NYLL, Plaintiff Morales and members of the Rule 23 Class are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

71. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

72. Defendant is required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular hourly rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

73. Defendant has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

74. Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

75. Due to Defendant's violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## THIRD CLAIM
### (New York Labor Law – Unpaid Overtime)

76. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

77. Under the NYLL and supporting NY DOL regulations, Defendant was required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked over forty.

78. Defendant has failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they are entitled under the NYLL.

79. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

80. Due to Defendant's willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## FOURTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

81. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

82. Defendant willfully failed to pay Plaintiffs and members of the Rule 23 Class who were being paid at the minimum wage rate additional compensation of one

hour's pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

83. By Defendant's failure to pay Plaintiffs and members of the Rule 23 Class who were being paid at the minimum wage rate spread-of-hours pay, Defendant willfully violated Section 650 *et seq.*, of the NYLL and its supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 142–2.4.

84. Due to Defendant's willful violations of the NYLL, Plaintiffs and members of the Rule 23 Class who were being paid at the minimum wage rate are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## FIFTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)

85. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

86. The NYLL and WTPA, as well as the NY DOL regulations, such as but not limited to 12 N.Y.C.R.R. Part 142, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

87. In violation of NYLL § 195(1), Defendant failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, and whenever there was a change to rates of pay with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law, in violation of the NYLL § 195(1).

88. Due to Defendant's violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendant liquidated damages of $50 per workday that the violation occurred or persisted, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SIXTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Accurate Wage Statements)**

89. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

90. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

91. Defendant paid Plaintiffs and the Rule 23 Class without providing a wage statement at the end of every pay period accurately listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

92. Due to Defendant's violation of NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from Defendant liquidated damages of $250 per workday that the violation occurred or persisted, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class respectfully request that this Court enter a judgment:

      a.      certifying this case as a class action pursuant to Rule 23 for the class of employees described herein, certifying Plaintiffs as the class representatives, and designating Plaintiffs' counsel as Class Counsel;

      b.      authorizing the issuance of notice at the earliest possible time to all warehouse workers who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

      c.      declaring that Defendant has violated the minimum wage provisions of the NYLL and NY DOL regulations;

      d.      declaring that Defendant has violated the overtime provisions of the FLSA, the NYLL, and NY DOL regulations;

      e.      declaring that Defendant has violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

      f.      declaring that Defendant has violated the notice and wage statement provisions of the NYLL and WTPA;

      g.      declaring that Defendant's violations of the FLSA and NYLL were willful;

      h.      awarding Plaintiffs and the Rule 23 Class damages for unpaid minimum wages;

      i.      awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

j. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid spread-of-hours pay;

k. awarding Plaintiffs and the Rule 23 Class statutory damages as a result of Defendant's failure to furnish a notice at the time of hiring or whenever there was a change in their rates of pay, in violation of the NYLL and WTPA;

l. awarding Plaintiffs and the Rule 23 Class statutory damages as a result of Defendant's failure to furnish to furnish accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

m. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

n. awarding Plaintiffs and the Rule 23 Class pre- and post-judgment interest under NYLL;

o. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

p. awarding such other and further relief as the Court deems just and proper.

[CONTINUED ON NEXT PAGE]

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
January 14, 2022

                                        PECHMAN LAW GROUP PLLC

                                        By:    *s/Louis Pechman*
                                                  Louis Pechman
                                                  Laura Rodriguez
                                                  488 Madison Avenue, 17th floor
                                                  New York, New York 10022
                                                  pechman@pechmanlaw.com
                                                  rodriguez@pechmanlaw.com
                                                  (212) 583-9500

                                        *Attorneys for Plaintiffs, the Putative FLSA*
                                        *Collective, and the Putative Rule 23 Class*